## James Rose by Clara Bilow, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,364.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. John P. McGoorty, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed June 19, 1916.

### Statement of the Case.

Action by James Rose, a minor, by Clara Bilow, his next friend, plaintiff, against Chicago City Railway Company, defendant, to recover damages for personal injuries sustained as a result of being struck by one of defendant's cars. From a judgment for plaintiff for $8,000, defendant appeals.

John E. Kehoe and Charles LeRoy Brown, for appellant; John R. Guilliams, of counsel.

J. K. McMahon, for appellee.

Mr. Presiding Justice Pam delivered the opinion of the court.

### Abstract of the Decision.

1. Street railroads, § 111*—*when burden of proof on plaintiff to show freedom from contributory negligence.* The burden of proof is on the plaintiff, in an action against a street railroad for damages for injuries alleged to have been negligently inflicted, to show his freedom from contributory negligence.

2. Street railroads, § 131*—*when evidence sufficient to show contributory negligence in attempting to cross tracks.* In an action against a street railroad company for damages for personal injuries to plaintiff as a result of being struck by an eastbound car as he was about to cross the tracks, evidence *held* sufficient to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

show that plaintiff could have seen the eastbound car at the last time he claimed to have looked if he had in fact looked, and to overcome his uncontradicted testimony that he looked at such time.

3. WITNESSES, § 311*—*when testimony of interested witness will not be accepted.* The testimony of an interested witness as to facts inherently unprobable need not be accepted by a court or jury, although such testimony is not contradicted by other direct testimony in the case, and although the witness is not otherwise impeached.

4. TRIAL, § 125*—*right of counsel to state to jury their views as to the law.* Counsel may properly state to the jury what they believe to be the law and base arguments thereupon.